

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Inginio Dominguez Otapa,<br><br>            Petitioner,<br><br>v.<br><br>Patrick Divver, et al.,<br><br>            Respondents. | Case No.:  26cv1010-LL-DDL<br><br>**ORDER REQUIRING RESPONSE TO PETITION AND SETTING BRIEFING SCHEDULE** |

Petitioner Inginio Dominguez Otapa is a detainee in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement. On February 18, 2026, he filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Petitioner entered the United States without inspection on or about 2001. Pet. ¶ 6. On December 8, 2025, Petitioner was apprehended by ICE while he was at Home Depot. *Id*. He is currently detained at the Otay Mesa Detention Facility. *Id*. Petitioner seeks a writ of habeas corpus directing Respondents to, *inter alia*, hold a bond hearing pursuant to *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). *Id*. ¶ 2.

Having reviewed the Petition, the Court finds that summary dismissal is unwarranted at this time. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary

dismissal is appropriate only where the allegations in the petition are 'vague [or] conclusory' or 'palpably incredible' or 'patently frivolous or false.'" (citations omitted)).

Additionally, the Court finds it necessary to order a limited stay pursuant to the All Writs Act, 28 U.S.C. § 1651, to preserve the status quo until the Court can provide a reasoned decision, in order to avoid any potential jurisdictional problems if Petitioner is removed from this district.[1] *See E-C-R- v. Noem*, No. 3:25-CV-1230-SI, 2025 WL 2300543, at *1 & n.1 (D. Or. July 16, 2025) ("Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo." (collecting cases)).

Accordingly, the Court **ORDERS** the following:

1. Respondents are **ORDERED TO SHOW CAUSE** why the Petition should not be granted by filing a written Return on or before **February 26, 2026**. The Return shall include any documents relevant to the determination of the issues raised in the Petition and shall address whether an evidentiary hearing on the Petition is needed. Respondents shall serve a copy of its Return upon Petitioner concurrently with the filing.

2. Petitioner may reply to the Return by filing a Traverse on or before **March 3, 2026**.

3. After briefing is complete, the Court will take the matter under submission and without oral argument pursuant to Local Civil Rule 7.1(d)(1), unless the parties are notified otherwise.

4. Respondents, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby **ENJOINED** from removing Petitioner from the United States or this district pending further order of the Court, to maintain the status quo to allow the Court to provide a reasoned decision.

---

[1] Under the All Writs Act, "all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

5.     The Clerk of Court shall transmit a copy of this Order and the Petition [ECF No. 1] to the U.S. Attorney's Office for the Southern District of California.

**IT IS SO ORDERED.**

Dated:  February 18, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv1010-LL-DDL